**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Aubry G. Alexander, Sr., Respondent,

v.

South Carolina Department of Transportation, Appellant.

Appellate Case No. 2012-209192

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-266
Heard June 5, 2013 – Filed June 19, 2013

———————

**AFFIRMED**

———————

Elmer Kulmala, of Harvey & Kulmala, of Barnwell, for Appellant.

Paul E. Tinkler, of Law Office of Paul E. Tinkler, of Charleston, and Bradley Hutto, of Williams & Williams, of Orangeburg, for Respondent.

———————

**PER CURIAM:** In this tort action, the South Carolina Department of Transportation (SCDOT) appeals the trial court's denial of its motion for a judgment notwithstanding the verdict (JNOV), arguing the Respondent, Aubrey Alexander, failed to produce evidence indicating SCDOT's acts or omissions

proximately caused his injury. SCDOT further argues it was entitled to a JNOV because Alexander failed to present evidence of a standard of care. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying SCDOT's motion for JNOV because Alexander failed to produce evidence indicating SCDOT's actions or omissions proximately caused[1] the injury: *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 147, 638 S.E.2d 650, 662 (2006) ("Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence."); *Keeter v. Alpine Towers Int'l, Inc.*, 399 S.C. 179, 188, 730 S.E.2d 890, 895 (Ct. App. 2012) (noting a trial court's denial of a JNOV will only be reversed when there is no evidence to support the denial or when the denial is governed by an error of law).

2. As to whether the trial court erred in denying SCDOT's motion for JNOV because Alexander failed to present evidence of a standard of care: *Madison ex rel. Bryant*, 371 S.C. at 140, 638 S.E.2d at 659 ("The standard of care in a given case may be established and defined by the common law, statutes, administrative regulations, industry standards, or *a defendant's own policies and guidelines*." (emphasis added)).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] During oral argument, SCDOT conceded it was only challenging the trial court's proximate cause ruling with respect to causation in fact.